BELL v. CONSOLIDATED GAS, ELECTRIC LIGHT, HEAT & POWER CO.

(Supreme Court, Appellate Division, First Department. April 19, 1901.)

INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT—MACHINERY—DUTY TO INSPECT.

Where an expert other than an ordinary engineer is not needed in removing and replacing caps connected with boiler tubes, and making a test as to the safety of the boiler after cleaning it, the master is not liable to a fellow servant of the engineer who was injured by the negligence of the latter in failing to make a proper examination after he had removed the caps and cleaned the boiler.

Appeal from trial term, Orange county.

Action by Ellen Bell, as administratrix of John Bell, deceased, against the Consolidated Gas, Electric Light, Heat & Power Company, for the wrongful killing of plaintiff's intestate while in the service of defendant. From a judgment dismissing the complaint, the plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

John M. Gardner, for appellant.
Bacon & Merritt, for respondent.

PATTERSON, J. We are unable to discover that the main facts appearing upon this record differ from those upon which the case was decided on a prior appeal by the appellate division in the Second department. 36 App. Div. 242, 56 N. Y. Supp. 780. It was there held that the negligence of the engineer employed by the defendant was that of a fellow servant of the plaintiff's intestate, and that in the absence of evidence that an expert, other than an ordinary engineer, was needed in removing and replacing caps connected with the boiler tubes, and in making the test of the safety of the boiler after cleaning it, the defendant cannot be held responsible. We are constrained to follow the decision of the Second department, without criticising it, but are convinced that the case is one which should be passed upon by the court of appeals. The evidence on the present record does not support plaintiff's contention that the defendant was guilty of negligence in employing an unskillful or incompetent engineer.

The judgment must be affirmed, with costs. All concur.